15-3262-cv
Camarda v. Selover

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*.

------------------------------------------------------------------------

MARY ANN CAMARDA,

                                        *Plaintiff-Appellant*,

          v.                                                    No. 15-3262-cv

CAPTAIN ELWOOD J. SELOVER, in his individual and professional capacity, LIEUTENANT MICHAEL SCHAEFER, in his individual and professional capacity, SERGEANT ROBERT CRITELLI, in his individual and professional capacity, SERGEANT HERBERT MAI, in his individual and professional capacity, SERGEANT RALPH MILONE, in his individual and professional capacity, SERGEANT SMIRNOV, in his individual and professional capacity, SERGEANT CLARK BEIN-AIME, in his individual and professional capacity, CITY OF NEW YORK, RAYMOND KELLY, POLICE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, in his individual and professional capacity, SERGEANT CHESTER OLEARY, in his individual and professional capacity,

                                        *Defendants-Appellees*.

------------------------------------------------------------------------

1

FOR APPELLANT:                       Anthony M. Mahoney, Revellino & Byczek, Lake Success, New York.

FOR APPELLEES:                    Richard Dearing, Of Counsel, and Jason Anton, Of Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 16, 2015, is AFFIRMED.

Plaintiff Mary Ann Camarda appeals from an award of summary judgment in favor of the City of New York and various police officials on her claims of sex discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* Specifically, Camarda claims that she suffered sexual harassment and a hostile work environment while employed as a police officer in the New York City Police Department ("NYPD") and that her supervisors retaliated against her when she filed a formal complaint about this treatment.[1]

---

[1] Camarda does not challenge the district court's grant of summary judgment on her § 1983 *Monell* claim against the City. She also does not appeal the dismissal of: (1) her Title VII claims against the individual defendants and (2) any claims against defendants Andrey Smirnov, Robert Critelli, and former NYPD Commissioner Raymond Kelly, against whom she failed to make any allegations in her complaint or present evidence. Thus, we do not address these claims further here. *See Higazy v. Templeton*, 505 F.3d

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court in its September 16, 2015 decision and order.

1.    Sex Discrimination Under § 1983, Title VII, the NYSHRL, and the NYCHRL

Discrimination claims brought under § 1983, Title VII, and the NYSHRL are all governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004). To carry her *prima facie* burden under this framework, Camarda must show that: (1) she is a member of a protected class, (2) she was qualified for her position, (3) she was subject to an adverse employment action, and (4) the circumstances of that adverse action give rise to an inference of discrimination based on her membership in the protected class. *See Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006). Upon such a showing, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). Then, "the final and ultimate burden is on the plaintiff to establish that the

161, 168 n.7 (2d Cir. 2007) ("An argument or an issue that is not raised in the appellate brief may be considered abandoned.").

3

defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Department of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

NYCHRL claims are analyzed separately and independently. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2d Cir. 2015). To withstand summary judgment, "the plaintiff need only show that her employer treated her less well, at least in part for a discriminatory reason. The employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that discrimination played *no* role in its actions." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n.8 (2d Cir. 2013) (emphasis in original) (alteration and internal quotation marks omitted).

The parties here dispute only whether the circumstances of Camarda's adverse employment actions give rise to an inference of discrimination under either of the applicable standards. *See Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006); *see also Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (stating that "*sine qua non* of a gender-based discriminatory action claim under Title VII is that the discrimination must be *because of* sex" (emphasis in original) (internal quotation marks omitted)).

In faulting the district court's determination that the record did not admit such an inference, Camarda points first to the deposition testimony of Sergeants Robert Festa and William Hassler and Officer Martin King.

Sergeant Festa testified that defendant Sergeant Milone "was looking to hurt" Camarda and would assign her to desk detail to preclude her from making the arrests her

job required. *See* J.A. 478. Festa testified that he was transferred for refusing to "participate in getting Mary Ann Camarda with unnecessary discipline[]." *See id.* at 490–91. Officer King's testimony raises questions about whether Milone was justified in disciplining Camarda for inappropriate court attire. Like the district court, we conclude that even if this testimony indicates that Camarda was treated unfairly, it does not raise the necessary inference of a sex-based motivation. *See McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (explaining that essential question in discrimination cases is motivation of employer, not reliability of allegations against plaintiff). The fact that Camarda was one of only three or four women assigned to her task force cannot, by itself, raise an inference that sex bias motivated the adverse actions, particularly where, as here, the record shows that defendants subjected male officers to some of the same disciplinary actions for some of the same actions for which Camarda was cited. *See, e.g.*, *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (concluding no inference of discriminatory intent when evidence showed that male supervisors were disciplined for same infraction in same way as female supervisor plaintiff, particularly in light of uncontroverted evidence that plaintiff clearly violated policy).

Second, Camarda asserts that defendant Sergeant Mai's comment, "[y]ou are a girl and you can't type," J.A. 325, made in disciplining her for not retyping a summons form, raises an inference of discriminatory motive. The argument fails because Camarda does not dispute that her actions—contesting a superior's retype order after preparing a flawed summons—warranted discipline. Nor did she adduce any evidence contradicting

5

testimony that male officers were also assigned to an outdoor foot-post as discipline. In these circumstances, Mai's stray remark about expected female typing skills, if it was, in fact, made, was insensitive, but it does not give rise to the inference of discriminatory motivation necessary to make out a *prima facie* case under § 1983, Title VII, or the NYSHRL, *see Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998), or under the more liberal standard governing the NYCHRL, *see Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d at 76 (concluding that plaintiff failed to carry *prima facie* burden under NYCHRL because supervisors had legitimate reason for expressing negative opinions about plaintiff's conduct and comments, which in context, did not evince discriminatory intent).

Third, Camarda argues that discriminatory motive can be inferred from the fact that defendant Sergeant O'Leary "pointed at [her], said '[n]o low cut shirts' and . . . was looking [at her]." J.A. 367; Appellees' Br. at 26. The argument fails because O'Leary's disciplinary action was based not only on Camarda's dress—a disputed matter that we view in Camarda's favor on this appeal—but on her undisputed failure to have her memo book with her, a violation of Police Department policy for which the record shows male officers were also routinely disciplined. *See, e.g.*, *Shumway v. United Parcel Serv., Inc.*, 118 F.3d at 64.

Fourth, Camarda herself testified that taskforce members told her that her superiors did not "want [her] around because [she] [is] a female." J.A. 348, 655. Like the district court, we conclude that these statements are inadmissible hearsay and, thus, cannot be considered as evidence of defendants' discriminatory motivations. *See Rubens*

6

*v. Mason*, 387 F.3d 183, 188 (2d Cir. 2004) (clarifying that on summary judgment, "court may rely only on material that would be admissible at trial"). Camarda neither explicitly acknowledges the district court's conclusion as to this evidence, nor challenges it on appeal.

In sum, because Camarda failed to adduce sufficient evidence to make out a *prima facie* case of employment discrimination under either the *McDonnell-Douglas* framework or the standard governing her NYCHRL claim, defendants were entitled to summary judgment on her claims of sex discrimination.

2.     Hostile Work Environment and Retaliation Claims

Where, as here, a counseled non-moving party submits "a partial response arguing that summary judgment should be denied as to some claims while not mentioning others," that response "may be deemed an abandonment of the unmentioned claims." *Jackson v. Federal Express*, 766 F.3d 189, 195 (2d Cir. 2014). Even "[w]here abandonment by a counseled party is not explicit," a court may infer abandonment "from the papers and circumstances viewed as a whole." *Id.* at 196.

The circumstances and papers here fairly supported an inference of Camarda's abandonment of her hostile work environment and retaliation claims. Specifically, after responding to each of defendants' proposed undisputed facts, Camarda's opposition brief argued only that summary judgment should be denied as to her *discrimination* claims. *See id.* (upholding inference of abandonment where plaintiff fully responded to defendant's proposed undisputed facts and opposition brief argued against grant of summary judgment only as to one claim); *accord Kovaco v. Rockbestos-Surprenant*

7

*Cable Corp.*, 834 F.3d 128, 144 (2d Cir. 2016) (upholding inference of abandonment when party moved for summary judgment on all claims and non-moving party opposed motion with respect to all but one variety of claim).

Further, Camarda's appellate brief neither mentions nor refutes the district court's abandonment ruling, further signaling that the claims were abandoned. *See Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007) ("An argument or an issue that is not raised in the appellate brief may be considered abandoned."); *accord LaSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Accordingly, we affirm that ruling and decline to consider plaintiff's arguments regarding the merits of her retaliation and hostile work environment claims.

3.    Conclusion

We have considered all of Camarda's remaining arguments and conclude that they are without merit. Accordingly, the award of summary judgment in favor of defendants is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8